IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENIOR SMITH,

    Petitioner,                    No. CIV S-06-2072 RRB KJM P

    vs.

JAMES YATES,

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Sacramento County conviction for a violation of California Health & Safety Code §11352(a) and his three strikes sentence of twenty-five years to life. Respondent has filed a motion to dismiss, arguing that the petition is not timely and it is "mixed" in that it contains some unexhausted claims.

I. <u>Background</u>

        Petitioner was convicted on May 31, 2002, and pursued a direct appeal from his conviction to the Court of Appeal and the California Supreme Court, which denied review on December 17, 2003. Lodged Documents (Lodg. Docs.) 1-4.

        Petitioner began a round of collateral review by filing a petition for a writ of habeas corpus in the Sacramento County Superior Court. The petition, filed November 24, 2004,

1

was mailed on November 14, 2004, as reflected on the proof of service. Lodg. Doc. 5. It was denied on January 11, 2005. Lodg. Doc. 6.

Petitioner's next step was to file a petition for a writ of habeas corpus in the Court of Appeal on June 17, 2005,[1] which he supplemented on July 13. This petition was denied on August 11, 2005. Lodg. Docs. 7-9.

On September 28, 2005, petitioner mailed a petition for a writ of habeas corpus to the California Supreme Court, which filed it on October 4. Lodg. Doc. 10. Petitioner filed supplements on November 10, December 16, and December 29, 2005. Lodg. Docs. 11-13. The Supreme Court denied the petition on July 26, 2006, in an order that read as follows:

> Petition for writ of habeas corpus is DENIED. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Lindley* (1947) 29 Cal.2d 709; *In re Waltreus* (1965) 62 Cal.2d 218; *In re Dixon* (1953) 41 Cal.2d 756; *In re Lessard* (1965) 62 Cal.2d 497, 503.)

Lodg. Doc. 14.

Petitioner returned to Sacramento County Superior Court on September 8, 2006, where his petition was denied November 7, 2006. Lodg. Docs. 15-16. He filed the petition pending in this court on September 18, 2006.

II. The Statute Of Limitations

    A. Statutory Tolling

The AEDPA contains a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] There is no proof of service attached to this petition.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was March 17, 2004. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, the AEDPA year began running on March 18, 2004 and would have expired on March 18, 2005 absent any tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). An untimely state court application for collateral relief will not provide a basis for tolling under 28 U.S.C. § 2244(d)(2) because such applications are not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).

In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217,

3

1  219-20. However, in Evans v. Chavis, 546 U.S. 189, 197 (2006), the Supreme Court directed the
2  federal courts to determine whether a "gap" petition was delayed unreasonably, even when a state
3  court did not deny the petition as untimely. The court suggested that a gap longer than the thirty
4  to sixty days permitted in states with written rules for filing might be reasonable, while six
5  months would not be. Id. at 854.

6        Respondent does not dispute that petitioner is entitled to tolling for the time the
7  initial petition was pending in Sacramento County Superior Court. Accordingly, the petition
8  deemed filed on November 14, 2004,[2] day 242 of the AEDPA year, tolled the running of the
9  statute of limitations for a period of fifty-eight days.

10       Respondent argues, however, that petitioner is not entitled to tolling for the gap
11 between the denial of the superior court petition and the filing of the petition in the Court of
12 Appeal, a period of 157 days, or five months, six days and that, during that time, the statute of
13 limitations expired on May 16, 2005.[3]

14       As noted above, the time period between the denial of collateral relief at one level
15 of state court and the filing of a petition at the next level is deemed to be tolled as part of the time
16 in which the petition was pending, so long as there was no undue delay between the denial of one
17 petition and the filing of another. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Once a
18 respondent places a petitioner on notice that a federal petition is subject to dismissal as untimely,
19 petitioner has the burden of proving he is entitled to tolling. Smith v. Duncan, 297 F.3d 809,
20 814-15 (9th Cir. 2002).
21 /////

---

[2] This is the date on the certificate of service. Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing. See also Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).

[3] May 15, 2005, which is fifty-eight days from March 18, was a Sunday, so the limitations period was extended until May 16. Sain v. City of Bend, 309 F.3d 1134, 1137 (9th Cir. 2002).

In most states, a statute sets out a time period for filing a petition for collateral relief or appealing the denial of such a petition, typically between thirty and sixty days. See Carey v. Saffold, 536 U.S. 214, 219 (2002). California, however, has a special system governing collateral review, whereby a petitioner can challenge a court's denial of collateral relief by filing a new, original petition at the next appellate level. Such a petition is considered timely if it is filed within a reasonable time. In re Harris, 5 Cal.4th 813, 828 n.7 (1993). In cases where a California court has denied collateral review without commenting on timeliness, a federal habeas court must undertake an independent review, deciding whether the state court petition was filed within what California would consider a "reasonable time." Evans, 546 U.S. at 199-200; Gaston v. Ramirez, 447 F.3d 1165 (9th Cir. 2006). Here, the Court of Appeal denied the petition without comment. Lodg. Doc. 9.

Under California law, a petitioner must file a habeas petition within a reasonable time after he knew, or with due diligence should have known, of the facts underlying the claim, as well as the legal basis for the claim. In re Clark, 5 Cal. 4th 750, 785 n.21 (1993). Petitioner bears the initial burden of proving the petition was filed within a reasonable time. Id. at 779. If he does not meet this burden, then he must articulate specific reasons to justify substantial delay. In re Gallego, 18 Cal. 4th 825 (1998); In re Robbins, 18 Cal. 4th 770 (1998). If petitioner cannot justify the delay, then a court may reach the merits only if the petitioner asserts facts demonstrating that a "fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." Clark, 5 Cal. 4th at 759.

Thus, under California law, the court must first consider whether petitioner's taking 157 days to file at the next level can be considered a "reasonable" amount of time. If not, then the court must decide whether petitioner has demonstrated good cause for any substantial delay. If the court finds a substantial delay without good cause, it must then determine whether petitioner is alleging a fundamental miscarriage of justice.

/////

In the petition filed in the Court of Appeal, petitioner explained his delay in filing as follows:

> Petitioner had to make a complaint to the State Bar to pressure petitioner's paid appellate counsel to turn over All transcripts and it took 13 months for him to comply. . . .

Lodg. Doc. 7 at 6. He attached exhibits, which are also attached to the opposition to the motion to dismiss, including a memorandum from attorney William L. McKinney, dated November 23, 2004, advising petitioner that he was enclosing "the following documents regarding your case file. . . Reporter's Transcript On Appeal/Volumes 2 thru 5, Clerk's Transcript on Appeal/Volumes 1 thru 3." Lodg. Doc. 7, Appendix A; <u>see also</u> Smith Aff. in Supp. Opp'n (Smith Decl.) (Docket No. 18) at 51.[4] Indeed, in the petition filed in the superior court, petitioner told the court he was unable to cite to the transcript "because appellate counsel has refused to return those transcripts to petitioner." Lodg. Doc. 5, Points and Authorities at 3. In contrast, by the time petitioner reached the Court of Appeal, his petition was bolstered by copious citations to the record. <u>See</u>, <u>e.g.</u>, Lodg. Doc. 7, Points and Authorities at 10.

The California Supreme Court has recognized that a lawyer's actions may justify a habeas petitioner's delayed or successive habeas petitions. <u>In Re Clark</u>, 5 Cal.4th at 780 (successive habeas petition allowed because prior counsel failed to raise some issues); <u>In re Sanders</u>, 21 Cal. 4th 697, 707-08 (1999) (abandonment by counsel may justify delayed habeas petition). Under the circumstances in this case, then, petitioner's receipt of his transcripts between the filing of the first and second petitions justified the delay in filing the second petition. Accordingly, because the California courts would consider this petition to have been filed within a reasonable time, the petition was properly filed and the time between petitions must be included in computing the period tolled for purposes of the statute of limitations. With this understanding, the statute of limitations was tolled from November 14, 2004, the date of the

---

[4] The court refers to the page numbers assigned by the CM/ECF system to the otherwise unnumbered collection of exhibits offered in opposition to the motion to dismiss.

1 certificate of service of the Superior Court petition, until the denial of the petition by the state
2 appellate court on August 11, 2005, a period of 274 days.
3       Petitioner is unable to rely on further statutory tolling, however, because the first
4 case cited by the state Supreme Court in denying the petition discusses the state's rules on
5 timeliness. Specifically, the court's pinpoint citation to In re Robbins, 18 Cal.4th at 780, is to
6 that section which provides:

> [T]o avoid the bar of untimeliness with respect to each claim, the petitioner has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness.

10 See Lodged Doc. 14.[5]
11       In Bonner v. Carey, 425 F.3d 1145, 1147 (9th Cir. 2005), as amended on denial of
12 rehearing, 439 F.3d 993 (9th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 132 (2006), the Ninth
13 Circuit considered the application of Pace to a petition that had been denied for a number of
14 reasons, including successive presentation of some claims and timeliness. It held that the
15 California court's finding of untimeliness "determined the outcome" of the statute of limitations
16 analysis even though the state court had relied on two different procedural grounds to deny the
17 writ. Bonner, 425 F.3d at 1147. "Under Pace, if a state court denies a petition as untimely, none
18 of the time before or during the court's consideration of that petition is statutorily tolled." Id. at
19 1149. Accordingly, petitioner is not entitled to any statutory tolling following the Court of
20 Appeal's denial of his habeas petition. Even with the 274 days of statutory tolling, the federal
21 petition, filed on the 914th day after the beginning of the statute of limitations period, is
22 untimely.
23 /////

---

[5] Respondent also argues that the Supreme Court's citation of In re Swain, 34 Cal.2d at 304, shows a denial for untimeliness. That page of Swain, however, discusses the requirement that a petitioner plead "with particularity," as respondent recognizes in his second argument.

B.  Equitable Tolling

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  To meet his burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner argues he is entitled to tolling because frequent lockdowns and his confinement in administrative segregation severely restricted his access to the law library, which hampered his ability to litigate his habeas petitions.  He also argues he is entitled to tolling for that period when he did not have his transcripts and legal property.  The court need not consider whether the restrictions on law library access prevented petitioner from timely filing, for it finds that petitioner is entitled to equitable tolling as a result of the restrictions on his access to his legal materials.

The Ninth Circuit has recognized that equitable tolling may be justified when, through no fault of his own, a habeas petitioner was separated from his legal files and transcripts. Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of showing he was deprived of his legal material for a period of eighty-two days when he was away from the prison, he might be entitled to equitable tolling.

In Espinoza-Matthews, 432 F.3d at 1024, the Ninth Circuit considered whether a petitioner was entitled to equitable tolling for the entire time he was in administrative segregation and deprived of his legal property.  In that case, the petitioner asked for access to his legal

8

property, which was being stored while he was in segregation, but was told he could not have access until he was released. The court found petitioner entitled to tolling for the entire period he was deprived of his legal materials, even though he still had a month after the papers were returned to him before the statute of limitations expired. Id. at 1028. As the court observed, "it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Id. at 1027 (quoting Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003)).

Finally, in United States v. Battles, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit considered the relationship between access to transcripts and timely filing under the AEDPA. Battles alleged he had not timely filed his motion to vacate his sentence under 28 U.S.C. § 2255 because his appellate attorney did not send him his transcripts. The Ninth Circuit noted that when an attorney refuses to provide a petitioner's file, the petitioner may be entitled to equitable tolling; it found the reasoning equally applicable when the transcripts have been withheld. Id. at 1197-98. The court observed:

> The fact that Battles did ultimately file his petition without the transcript does not necessarily tell us whether the alleged attorney behavior and Battles' fight to get the transcripts actually delayed him to the point that he could not file in a timely fashion.

Id. at 1198 n.5; but see Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to transcripts is not basis for equitable tolling); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (possession of a transcript is not a condition precedent to filing a habeas petition); Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure to provide complete transcript not a basis for equitable tolling because it did not prevent filing).

The record contains evidence that retained appellate counsel failed to send petitioner the transcripts of his trial until November 2004, after petitioner had requested them from counsel and ultimately contacted the State Bar. Docket No. 18 at 51; Smith Decl. ¶ 1; Lodg. Doc. 5, Exs. F & G. Accordingly, petitioner is entitled to equitable tolling from March 18

until December 1, 2004, a period of 258 days.  In addition, petitioner avers he was denied all access to his legal files from July until September 2005, the first several months of his placement in administrative segregation.  Smith Decl. ¶ 6; see also Exhibit to Opp'n (Amended Complaint filed in Smith v. State of California, Civ. No. S-05-1257 GEB KJM P (placed in segregation on June 29, 2005)).  Because petitioner does not provide firmer dates, the court assumes he was deprived of his files from July 1, 2005 through September 1, 2005, a period of 62 days.  Accordingly, he is entitled to equitable tolling for that period.

When the periods of statutory and equitable tolling are combined, the federal petition is timely.  As noted above, petitioner is entitled to 274 days of statutory tolling.  This, added to the 320 days of equitable tolling, extended the AEDPA statute of limitations until November 2, 2006, by which petitioner needed to have filed the federal petition.  The instant petition was filed before this date, on September 16, 2006.

B. Exhaustion Of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal

/////
/////
/////
/////

claim were before the state courts . . . or that a somewhat similar state-law claim was made."
Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Respondent argues that the Supreme Court's citation to In re Swain, 34 Cal.2d at 304, and In re Duvall, 9 Cal.4th at 474, means that the issues raised in petitioner's state habeas petition --issues one, two, eight through eleven, thirteen, fifteen (part (a)), seventeen and eighteen -- have not been exhausted

The Ninth Circuit has interpreted a Swain/Duvall citation to mean that a petitioner has failed to exhaust state remedies, because the petitioner is being given an opportunity to amend his pleadings to "allege with sufficient particularity the facts warranting habeas relief." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003). In this case, however, the denial was more than a simple Swain/Duvall resolution: the Supreme Court cited an additional five cases in its ruling on petitioner's writ without suggesting which of the citations applied to any specific issue.[6]

/////

---

[6] As noted above, respondent relied on the Swain citation to argue that the California Supreme Court had found the petition to be untimely. MTD at 6.

The exhaustion doctrine is rooted in the notion of comity between state and federal courts:

> Because state courts and federal courts equally are charged with protecting federal rights, state courts should have an opportunity to protect those federal rights before a federal court intervenes.

Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002).  In this case, however, this court cannot determine whether the Supreme Court's order translates to a finding that some of petitioner's issues have not been exhausted and, if so, which of those issues it deemed to be inadequately presented.  Because of the imprecision of the order, this court cannot tell whether the California Supreme Court declined to consider the merits of some or all of petitioner's claims because of inadequate pleading on petitioner's part.  In these circumstances, consideration of all of petitioner's claims will not offend.  Cf. Calderon v. U.S. Dist. Court for Eastern Dist. of California, 96 F.3d 1126, 1131 (9th Cir. 1996) (ambiguous order not sufficient basis upon which to base a finding of a procedural bar).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied and that respondent be directed to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2008.

_____
U.S. MAGISTRATE JUDGE

Smit2072.157