IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

               Petitioner,

        vs.

JAMES YATES, *et al.*,

               Respondents.

No. 2:06-cv-02072-JKS-KJM

ORDER

     Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

     On March 14, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Respondent has filed objections to the Findings and Recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations are not supported by the record or by proper analysis.

     The Court agrees with the Magistrate Judge that Smith is entitled to equitable tolling during the period that he was unable to obtain transcripts from his counsel, from the date Smith's conviction became final through December 1, 2004.  *United States v. Battles*, 362 F.3d 1195, 1197–98 (9th Cir. 2004).  The Court also agrees, and Respondent does not dispute, that Smith was entitled to statutory tolling between November 14, 2004, and January 11, 2005, and the

limitations period began running the following day, January 12, 2005, at which time Smith still had his entire year left.[1]

On June 7, 2005, Smith filed his second petition for habeas relief in the California Court of Appeal.  The Court of Appeal denied his petition on August 11, 2005, and the limitations period recommenced running the following day, August 12, 2005.  On that date, Smith still had his entire year, or until August 12, 2006, within which to file his federal habeas petition.[2]

The Court agrees with the Magistrate Judge that Smith is not entitled to tolling during the period his untimely third state habeas petition was pending in the California Supreme Court. *Pace v. DiGuglielmo*, 544 U.S. 408, 414–15 (2005).  The Court also accepts that Smith is entitled to equitable tolling for the period August 13, 2005, through September 1, 2005.[3] *Espinoza-Matthews v. People of the State of California*, 432 F.3d 1021, 1024 (9th Cir. 2005). On that date, Smith still had a full year, until September 1, 2006, within which to file his federal habeas petition.  Smith filed his habeas petition on September 18, 2006, 17 days too late.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed March 14, 2008, are REJECTED;

2. Respondent's Motion to Dismiss at Docket No. 15 is GRANTED,

3. Petitioner's application for a writ of habeas corpus is DISMISSED; and

4. The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA

---

[1] In her Findings and Recommendations, the Magistrate Judge incorrectly double credited Smith with the 16-day period between the date he filed his first state petition and the date his equitable tolling ended (November 15 to December 1, 2004).  This impermissible double counting resulted in the Magistrate Judge crediting 16 days to both the statutory and the equitable tolling periods.

[2] For the purposes of this Order, the Court accepts without deciding the conclusion of the Magistrate Judge that Smith is entitled to statutory tolling during the 157-day "gap" period between the first and second petitions.

[3] In her Findings and Recommendations, the Magistrate Judge also incorrectly double credited Smith with the 51-day period between the date he was first denied access to his papers and the date his habeas petition before the California Court of Appeals was denied (July 1 to August 11, 2005).  This impermissible double counting resulted in the Magistrate Judge crediting 51 days to both the statutory and the equitable tolling periods.

should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).[4]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated:  August 22, 2008.

s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[4] The Court recognizes that the Magistrate Judge recommended denial of the motion to dismiss. The Court does not disagree with any of the findings of fact or conclusions of law reached by the Magistrate Judge.  The findings as to the periods during which the limitation period was tolled are fully supported by the record and neither party has objected to the findings on that basis.  The Court's disagreement with the Findings and Recommendations was solely in the *calculation* of the time excluded—the fact that the Magistrate Judge double-counted the time when tolling periods overlapped. Consequently, this Court can find no basis upon which to grant a Certificate of Appealability.

ORDER
*Smith v. Yates*, 2:06-cv-02072-JKS-KJM                    3